UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JODY WAITE,

    Plaintiff,
v.                                               Case No. 22-10457
                                                  Honorable Victoria A. Roberts

NE SOCIAL SECURITY OFFICE,

    Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION TO
DISMISS [ECF No. 4] AND DISMISSING THE CASE**

On February 7, 2022, Plaintiff Jody Waite filed a small claims action against the NE Social Security Office in Michigan's 67th District Court. Proceeding *pro se*, Plaintiff alleges that on January 30, 2022, someone at the NE Social Security Office provided false information and defamed him.

Defendant removed the action to this Court.

Before the Court is Defendant's motion to dismiss [ECF No. 4]. Plaintiff has not responded to the motion, and the time for him to do so has long passed.

Defendant says the Court must dismiss the case for lack of subject matter jurisdiction because the United States has not waived sovereign immunity for Plaintiff's defamation claim. The Court agrees.

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *Muniz-Muniz v. U.S. Border Patrol*, 741 F.3d 668, 671 (6th Cir. 2013) (citation omitted). Sovereign immunity extends to agencies of the United States and federal officers acting in their official capacities. *Id.* "A waiver of sovereign immunity may not be implied"; it exists "only when Congress has expressly waived immunity by statute." *Id.*

Under the Federal Tort Claims Act ("FTCA"), "the United States has consented, subject to certain exceptions, to suit for damages for personal injuries caused by the negligence of government employees acting within the course and scope of their employment." *Montez v. United States*, 359 F.3d 392, 395 (6th Cir. 2004). However, "[t]he FTCA, as a limited grant of jurisdiction, excludes certain tort claims from its sovereign immunity waiver." *Milligan v. United States*, 670 F.3d 686, 692 (6th Cir. 2012).

One of the exceptions – the so-called intentional tort exception – does not waive sovereign immunity for "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." *See* 28 U.S.C. § 2680(h). "Because the FTCA is a jurisdictional statute, 'if a case falls within the statutory exceptions of 28

U.S.C. § 2680, the court lacks subject matter jurisdiction' and the case must be dismissed." *Milligan*, 670 F.3d at 692 (citation omitted).

Plaintiff alleges that someone from the NE Social Security Office "provided false information," amounting to "defamation." In Michigan, libel and slander are "collectively considered as defamation." *MacDonald & Goren, P.C. v. Aetna Cas. & Sur. Co.*, 48 F.3d 1219, 1995 WL 106127, at *2 (6th Cir., March 10, 1995).

Because libel and slander fall within the intentional tort exception, there is no waiver of sovereign immunity for Plaintiff's defamation claim. *See Milligan*, 670 F.3d at 692; *Dickson v. Wojcik*, 22 F. Supp. 3d 830, 837 (W.D. Mich. 2014) (claim for defamation fell within intentional tort exception). Accordingly, the Court lacks subject matter jurisdiction over Plaintiff's claim. *Id.*

The Court **GRANTS** Defendant's motion [ECF No. 4] and **DISMISSES** the case.

**IT IS ORDERED**.

s/ Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated: June 13, 2022

3